

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  Criminal No. 3:06CR57

MALIK R. MUJAHID,

    Petitioner.

## MEMORANDUM OPINION

Malik R. Mujahid, a federal inmate proceeding with counsel, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Mujahid asserted that, in light of the Supreme Court's recent decision in Johnson v. United States, 135 S. Ct. 2551 (2015), his enhanced sentence under the United States Sentencing Guidelines ("USSG") as a career offender is unconstitutional.[1] "Recently, the Supreme Court concluded that the Guidelines are not subject to a vagueness

---

[1] As the Supreme Court has noted,

> [u]nder the Armed Career Criminal Act ["ACCA"] of 1984, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a "violent felony," a term defined to include any felony that "<u>involves conduct that presents a serious potential risk of physical injury to another</u>."

Johnson, 135 S. Ct. at 2555 (emphasis added) (quoting 18 U.S.C. § 924(e)(2)(B)). This part of the definition of violent felony "ha[s] come to be known as the Act's residual clause." Id. The Johnson Court held "that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." Id. at 2563.

challenge under the Due Process Clause. . . . <u>Johnson's</u> vagueness holding does not apply to the residual clause in [USSG] § 4B1.2(a)(2)." <u>United States v. Lee</u>, 855 F.3d 244, 246-47 (4th Cir. 2017) (citation omitted). Thus, Mujahid's claim lacks merit.[2] Accordingly, the Government's Motion to Dismiss (ECF No. 42) will be granted. The § 2255 Motion (ECF No. 38) will be denied. The action will be dismissed, and the Court will deny a certificate of appealability.

The Clerk is directed to send a copy of this Memorandum Opinion to Mujahid and counsel of record.

It is so ORDERED.

/s/ REP

Robert E. Payne
Senior United States District Judge

Date: June 21, 2017
Richmond, Virginia

---

[2] Mujahid also asserted: (1) USSG § 4B1.2(a)'s commentary listing robbery as a crime of violence should be disregarded in light of <u>Johnson</u> (§ 2255 Mot. 12-16), and (2) Muhajid's Virginia convictions for robbery, maiming, malicious wounding, use of a firearm, and possession of a firearm do not qualify as "crime[s] of violence" under USSG § 4B1.2(a)'s force clause. (<u>Id.</u> at 16-24.) Because § 2255 motions are limited to constitutional and jurisdictional challenges, in the absence of "a complete miscarriage of justice," Mujahid's claim that he was incorrectly designated a career offender is not cognizable under 28 U.S.C. § 2255. <u>See United States v. Foote</u>, 784 F.3d 931, 941 (4th Cir. 2015).

2